### FLORA v GLANDER et

Ohio Appeals, 2nd Dist, Preble Co
No. 71. Decided June 1, 1931

P. A. Saylor, Eaton, for Flora.

Kelly & Knee, Dayton, T. G. Shuey, Camden, and J. V. Dye, Eaton, for Glander et.

KUNKLE, J.

It appears that of the original purchase price of $12,000.00 for the home farm $5000.00 was advanced by defendant, Mae Glander, $3000.00 by her husband, T. F. Glander, and that the balance of $4000.00 was produced from the farm in the succeeding two years. So that it becomes a question as to what proportion of the proceeds for the 20 years thereafter, if any, should be set apart to Mae Glander. The farm sold for $15,000.00 and the division of the proceeds was made $9000.00 in the form of a mortgage to Mae Glander and $6000 to T. F. Glander. This was a fair and equitable division. In fact the wife would have been entitled upon the proportion of the purchase price represented

by her $5000.00 to $375.00 more than the $9000.00.

It also reasonably appears that she is entitled to some further payment representative of net proceeds of the farm during the time it was operated by her husband. It evidently was a joint venture and she was entitled to one-half the net proceeds. However, we cannot follow the suggestion that a court should award to her all the one-half of the net proceeds, because it is obvious that some of her share must have been spent by her husband and under circumstances which strongly support the inference that it was with her consent. The expenditures which the husband made in bad stock and other forms of investments took too great a proportion of the net proceeds of this farm to leave enough therefrom to meet the necessary expenses incident to the operation of the family.

It would seem highly probable that from these net proceeds some part was expended for family demands by and with the consent of the wife inasmuch as there had been no insistence to a point of division of assets until after the assertion of the Flora claim.

There is no doubt on the record that the wife had considerable equity in the net proceeds of this farm which she had not received. There is nothing improper or illegal in the act of the husband in turning over monies and property to his wife which he had held under circumstances implying a trust in preference to other creditors, nor paying her what he owed her so long as it was not fraudulently done.

We are of opinion that the husband did owe her a substantial sum and that it is represented in the money and credits which she now holds. We have as a basis for a fair return to her the record which discloses that the $6300.00 which she received from her father's estate has increased by the sum of $2520.00 in nine years. Such a rate of return on the $5000.00 originally invested would probably be proportionately correct. Thus, if the sum of $5000.00 was allowed to the wife as and for her unexpended share of the net proceeds of the farm it would represent about the same ratio of return as she received on the $6300.00 and seem to be a fair proximation of her interest in the proceeds and sale of the personal property. From this $5000.00 we feel sure that $1000, at trust, must have been expended by and with the consent of Mrs. Glander; if not, such a sum would not be excessive to allow Mr. Glander as compensation for managing her affairs. This added to the $9000.00 would make $13000.00 representative of her share of the farm which together with the $6300.00

received from her father's estate and the $2520.00 proceeds therefrom makes a total of $21,820. This leaves a balance of $4889.00 which we believe fairly represents that portion of the funds in the hands of defendant, Mae Glander which we are required to say was transferred to her by her husband, T. F. Glander in fraud of the plaintiff, J. E. Flora.

We appreciate that in cases of this character it is possible to start with many premises and reach varying conclusions. But we are satisfied that on this record the wife is entitled to an equity as herein found and that the plaintiff should be protected against the transfer to the defendant, Mae Gander, in the sum as herein indicated. This determination is made as of the date of the judgment in Common Pleas Court.

ALLREAD, PJ and KUNKLE, J, concur.